CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
December 05, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Criminal Action No.: 1:25-cr-00049** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **TERRY ALEXANDER HEADEN,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

# ORDER

This matter comes before the Court on a potential conflict of interest brought to the court's attention by Defendant Terry Headen's motion to substitute attorney. Dkt. 28. The conflict centers on defense counsel's current representation of coconspirator Gerald McCoy, who has pled guilty to a one count information in Case No. 1:25-cr-00025. Judge Sargent held a hearing to determine whether a potential conflict precluded substitution of counsel in this case. Dkt. 45. Both defendants waived their right to separate representation. Dkt. 49. Judge Sargent found that Headen and McCoy are competent to make an intelligent decision regarding attorney representation and granted Headen's motion for attorney substitution. Dkt. 48.

The Court has an independent obligation to ensure the integrity of the proceedings before it, separate and apart from defendants' Sixth Amendment Rights. *Wheat v. United States*, 486 U.S. 153, 163 (1988). In some circumstances, that obligation can justify imposition of conflict-free counsel, regardless of the defendant's attorney of choice. *Stanko v. Stirling*, 109 F.4th 681, 692 (4th Cir. 2024). The court has determined that briefing is necessary to analyze Headen's Sixth Amendment rights to conflict-free counsel and counsel of choice, as well as the Court's obligation to safeguard the integrity of criminal proceedings. The parties are hereby **ORDERED** to submit legal points and authorities addressing (i) whether there is a potential or actual conflict

of interest and (ii) whether disqualification is proper, notwithstanding the defendants' waiver of their Sixth Amendment right to separate representation. The parties shall file briefs no later than Tuesday, December 16, 2025.

The Court will appoint separate counsel for the defendant and convene a hearing to address all issues involving representation on Thursday, December 18 at 2:30pm.

It is **SO ORDERED**.

Entered: December 5, 2025

Robert S. Ballou

Robert S. Ballou
United States District Judge