CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January, 20, 2026
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.**1:25CR00049 |
| | ) | |
| **HEADEN, ET AL** | ) | **By: Robert S. Ballou** |
| | ) | **United States District Judge** |

**CRIMINAL SCHEDULING ORDER**

This criminal case has been set for a jury trial on October 26-30, 2026 at 9:00am. To ensure the fair and orderly processing of this case, it is now **ORDERED** as follows:

1. Should the parties wish to schedule any hearing in this matter, including a hearing on a motion to suppress, they must confer as to each party's availability and then contact the Clerk, Kelly Brown (kellyb@vawd.uscourts.gov, 540-857-5116), to set the matter for a hearing. When possible, motions to suppress should be raised at the earliest possible time so that the court can conduct an evidentiary hearing and issue a decision well in advance of trial.

2. A status conference has been set for May 21,2026 at 12:30pm via ZOOM, unless the parties have advised the Clerk that this hearing is not required.

3. A pretrial conference has been set for October 15, 2026 at 12:00pm, unless the parties have advised the Clerk that a plea agreement has been reached in the case.

4. If a plea agreement has been reached and the plea is subject to a written plea agreement, a signed written plea agreement and a signed agreed-upon statement of facts shall be provided to the court no later than 3 business days prior to the change of plea hearing. In addition to filing the plea agreement and the signed agreed-upon statement of facts on the docket, these documents should be emailed to the Clerk (kellyb@vawd.uscourts.gov).

5. Counsel should anticipate any evidentiary questions or disputes and bring them to the attention of the court prior to trial. The court expects to hear all motions *in limine* at the final pretrial conference. Additionally, at least 30 days prior to trial, the Government must notify a defendant of its intent to introduce evidence of prior bad acts or co-conspirator's statements. If there are disputes as to the admissibility of evidence under Rule 404(b) and 801(d)(2)(E) of the Federal Rules of Evidence, such issues should be brought to the court's attention prior to trial for resolution no later than the final pre-trial conference.

6. Parties shall make all expert disclosures no later than 30 days from the entry of this order or 90 days before trial, whichever is later. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, these disclosures must include a written summary of the expert's testimony, the witness's qualifications, opinions, and the bases and reasons for those opinions. Failure to comply with this deadline may result in the exclusion of the expert's testimony, except for good cause shown. Any objections to the opposing party's expert disclosures must be filed within 14 days of receipt. Additional expert disclosures to meet those made by the opposing party made under this paragraph shall be made no later than <u>45 days from the entry of this order or 60 days before trial</u>, whichever is later.

7. Motions under Rule 12(b)(3)(A)–(D) are due no later than 45 days from the entry of this order or 90 days before trial, whichever is later. All other pretrial motions must be filed by the parties no later than 21 days prior to trial. *See* Fed. R. Crim. P. 12(c). Any such motions must state the grounds on which they are based and the relief sought. Motions raising questions of law must be supported by legal memoranda filed contemporaneously.

8. As to motion(s) under Rule 12(b)(3)(A)–(D), a party opposing such motion(s) must file a written response and legal memorandum within 14 days of the filing of the motion. A

party opposing other pretrial motion(s) must file a written response and legal memorandum within 7 days of the filing of the motion.

9. At trial, the court will use standard opening and closing jury instructions. Copies of these standard instructions may be obtained from the Clerk prior to trial. The parties shall exchange and file on the docket their proposed jury instructions with citations no later than 7 days before trial. A Word version of the proposed instructions without citations shall be emailed to chambers at ballou.ecf@vawd.uscourts.gov. Each instruction should be set forth on a separate page; numbered and identified appropriately by the party submitting it; and, when applicable, include a citation of the authority in support of the instruction. General instructions on topics not specific to this case do not need to be submitted; the court has standard instructions that it will use on general topics. If a party has a specific objection to a proposed instruction, that party must notify opposing counsel and the court at least 2 business days prior to trial. The court will conduct a charge conference, usually at the conclusion of all evidence.

10. Trial will proceed according to the following schedule. Court will begin promptly at 9:00 a.m. on the first day and typically end between 5:00 p.m. and 6:00 p.m. each day, with a one-hour lunch break, 15-minute breaks in the morning and afternoon, and other breaks as necessary.

11. The jury will consist of 12 people. The jury is selected immediately prior to trial using a randomized method, and all members of the jury venire called for the trial will be subjected to voir dire. A list of the jurors called for the case will be sent to counsel by the Clerk approximately one week prior to trial. The attorneys are generally permitted to participate in voir dire after preliminary questions from the court. Counsel should formulate an agreed-upon statement of the case and the issues to be incorporated in the court's standard voir dire and

preliminary instructions. The Government must circulate the draft statement no less than 7 days prior to trial, and it must be submitted to the court no later than 2 business days prior to trial. The parties must also submit their proposed witness lists to be incorporated in the voir dire and preliminary instructions no later than 2 business days prior to trial. Counsel's voir dire is expected to be limited to relevant questions and not include disguised argument on the merits of the case. The court's voir dire will solicit any requests from jurors to be excused from jury duty on the ground of hardship, and the court will determine such requests before turning voir dire over to counsel.

12. Following voir dire, if any party has for-cause challenges, they should make known to the court that a matter outside of the presence of the jury needs to be taken up, and the court will rule on the challenge(s) at that time. Thereafter, the parties will be permitted to take peremptory challenges, consistent with Fed. R. Crim. P. 24, by alternating written strikes on a single jury list. The court may use one or two alternates depending on the estimated length of trial. After the jury is sworn in, the court will give preliminary instructions. The court will inform jurors that they may take notes if they wish. Questions by jurors are not permitted.

13. Counsel must provide a list of witnesses and exhibits to the court reporter and Clerk. Exhibits shall be numbered in advance of trial. Each exhibit's file name should correspond with the exhibit's number. To name the files, the parties should use either "G" for the government or "D" for defendant, followed by the exhibit's number. For example, the Government's exhibit 22 should be labeled "G22" and Defendant's exhibit 13 should be labeled "D13."

14. Counsel shall meet and confer at least 3 days prior to the final pre-trial conference to attempt to resolve any issues regarding the admissibility of evidence or witness testimony.

Counsel should reach stipulations as to the admissibility of exhibits to the extent possible. Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "*Admitted Exhibits*." Exhibits as to which admissibility is disputed shall be uploaded to the respective folders labeled "*Government's Proposed Exhibits*" and "*Defendant's Proposed Exhibits*." At the end of each trial day, the Clerk and counsel will confer, and the Clerk will transfer into the "*Admitted Exhibits*" folder any exhibits in the parties' respective folders ("*Government's Proposed Exhibits*" and "*Defendant's Proposed Exhibits*") that have been offered and admitted into evidence.

15. Counsel shall upload all exhibits to the Box.com platform through one or more links that the Clerk will provide by email to counsel prior to the trial date. The exhibits should be uploaded or received by the court <u>at least 2 business days</u> before the first day of trial. Please contact the Clerk for instructions on using Box.com.

16. After the close of evidence and before the jury begins deliberating, the Clerk and counsel will confer and confirm that the "Admitted Exhibits" folder accurately reflects the evidence admitted during trial. During their deliberation, the jurors will be provided access to the Box.com folder for "*Admitted Exhibits*" only.

17. Hard copies of all exhibits shall be delivered to the below address, <u>at least 2 business days</u> before the first day of trial.

United States District Court for the Western District of Virginia
Attention: Judge Ballou's Chambers
210 Franklin Road, S.W., Room 344
Roanoke, Virginia 24011

These exhibits shall be bound in one or more three-ring notebooks and appropriately tabbed by exhibit number.

18. Counsel must ask questions of witnesses and make arguments to the court from the lectern. Counsel may approach the witness without leave of court, if necessary, to hand the witness a document or exhibit, but must promptly return to the lectern. It is counsel's obligation to ensure that tendered exhibits are admitted and noted on the Clerk's docket sheet. If there is any question about an exhibit or exhibits, counsel should check with the Clerk during a recess. Once admitted, trial exhibits are in the custody of the Clerk and must be returned to the Clerk once examination of a witness is completed.

19. In a conspiracy case, if a defendant has notified the Government in advance of a challenge to the admissibility of the testimony of a co-conspirator, the Government must prepare a written proffer as to the existence of the conspiracy and the co-conspirator and defendant's participation in it.

20. Counsel should make any requests to exclude witnesses from the courtroom before opening statements. Although the exclusion does not prevent counsel from talking with excluded witnesses during recesses about their expected testimony, there must be no disclosure of courtroom testimony to the excluded witnesses by any person. After testifying, a witness is deemed released from further attendance unless counsel or the court promptly indicates that the witness should not be excused. Cooperative witnesses who are not needed immediately may be placed "on call," but counsel remains responsible for having sufficiently available witnesses so that the trial may proceed without early adjournments or lengthy recesses. The Government should keep the defendant advised of the progress of the its case so that the defendant may be ready to proceed promptly following the conclusion of the Government's case-in-chief.

21. Counsel must make all objections and other remarks to the court while standing. Objections must be succinct. If argument is needed, the court will indicate as such. Side bar or

bench conferences are discouraged, and argument outside of the presence of the jury will normally take place only during regular recesses or before or after court session. Accordingly, counsel should, to the extent possible, anticipate any evidentiary questions or disputes and bring them to the court's attention ahead of time.

22. Prior to closing arguments, the court will conduct a charge conference and advise counsel of the substance of the jury charge. The charge is given before closing arguments. Counsel will have an opportunity to make an objection to the charge on the record. In most cases, the court will send a written copy of the charge with the jury for its reference during deliberations. The court will instruct the jury that it may request any or all of the exhibits during deliberations. Following the trial, counsel may not discuss the case with jurors without leave of court.

23. The parties must make post-trial motions within 14 days following the discharge of the jury. Responses to such motions must be made within 14 days of the motion being filed.

24. The filing of sentencing memoranda is mandatory in all cases. The Government shall file its sentencing memorandum no later than 7 days before the sentencing hearing, and the defendant shall file his/her sentencing memorandum no later than 5 days before that hearing.

The Clerk is directed to send copies of this Order to counsel of record for all parties.

It is so **ORDERED**.

Entered: January 20, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge