CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 22, 2026
LAURA A. AUSTIN, CLERK
BY: s/ KELLY BROWN
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Criminal Action No.: 1:25-CR-00049** |
| **v.** | ) | |
| | ) | |
| **TERRY ALEXANDER HEADEN,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

# ORDER

On June 18, 2026, Defendant Terry Alexander Headen appeared before the Court on his Motion for Revocation or Amendment of Detention Order. Dkt. 93. Headen is charged with conspiracy to distribute fentanyl and 500 grams or more methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), 846. Dkt. 29 at 1–2. Because these offenses are punishable by a maximum of ten years imprisonment under the Controlled Substances Act, the Government begins with a presumption that detention is appropriate. 18 U.S.C. § 3142(e)(3)(A). On October 6, 2025, Magistrate Judge Sargent determined that Headen failed to rebut the presumption of detention and ordered that he be detained pending trial. Dkt. 23. Headen has since completed several programs in prison and was accepted into a 12-month recovery program at the Hope Center. Based on these changed circumstances, Headen requested that this Court review and modify the Detention Order.

According to the criminal complaint, Headen was involved in a wide-ranging, multi-state drug distribution scheme. *See* Dkt. 3-1. Agent Steven Levesque testified that Headen was a source of supply for large numbers of drug distributors in the Western District of Virginia. Further, at the time of the offense, Headen was on probation for a state conviction for possession of a controlled substance and destruction of property. Probation Officer Brooke Rhymer testified

that at his initial interview, Headen failed every drug screen and refused substance abuse treatment.

The Government begins with a presumption of detention. The Court must consider (1) the nature and circumstances of the offense charged, (2) the weight of evidence against the person, (3) his history and characteristics, including past substance abuse and whether the offense occurred while the defendant was on supervision, and (4) the danger to the community posed by his release. 18 U.S.C. § 3142(g). Headen failed to rebut the presumption of detention in this case. Extensive distribution of methamphetamine and fentanyl is an extremely serious offense. Headen appears to have a substance abuse problem, although he has engaged in self-improvement during his incarceration. Additionally, Headen was subject to state supervision at the time of the offense. Weighing this evidence, the Government has satisfied its burden that Headen presents a danger to the community due to the scope and amount of drug distribution and the fact he was on supervision at the time of the offense. The Motion for Revocation or Amendment of Detention Order is **DENIED**. Headen also requested that he be able to enter and complete the Residential Substance Abuse Treatment Program at Western Virginia Regional Jail. Upon consideration of Headen's improvement during detention pending trial, it is further **ORDERED** that Headen enter into and complete the Residential Substance Abuse Treatment Program at the Western Virginia Regional Jail, and remain housed at WVRJ until he completes this Program.

It is so **ORDERED**.

Entered: June 22, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge