CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED

September 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Robin Bordwine
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 1:25cr00049-006** |
| **KENNETH BROWN,** | ) | **ORDER OF DETENTION** |
| **Defendant** | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, a detention hearing was held in this matter on September 14, 2026. The defendant is charged with violating 21 U.S.C. §§ 846, 841(a)(1), conspiracy to distribute and possess with intent to distribute methamphetamine, which raises a presumption of detention. Based on the evidence presented, including, but not limited to the following, the court finds that the defendant has not rebutted the presumption of detention and that the clear and convincing evidence shows that he presents a danger to the community if released pending trial, in that there are no conditions or combination of condition by which the defendant is likely to abide:

1. The defendant has previous convictions in 2001 for simple battery, in 2005 for reckless driving, improper use of ATV, fleeing from an officer, fail to yield to emergency vehicle and no operator's license, carry concealed weapon and unlawful possession of a controlled substance, in 2009 for domestic assault and obstructing an officer, in 2010 for delivery of crack cocaine, in 2013 for driving suspended/revoked for DUI and fleeing from an officer, in 2016 for petit larceny and in 2019 for voluntary manslaughter and attempt to commit a felony;

2. The defendant has these previous charges for which he failed to respond or appear in court: in 2005 for possession of a controlled substance without a valid prescription, in 2007 for attending an animal fight, in 2009 for unlawful disposal of waste and in 2026 for expired motor vehicle registration and two counts of driving while license suspended;

3. The defendant committed the offenses of carrying a concealed weapon and unlawful possession of a controlled substance in 2005 while on bond. The defendant also committed the offense of delivery of crack cocaine in 2009 while on bond;

4. The defendant's 2009 convictions for domestic assault and obstructing an officer were as a result of an incident in which the mother of the defendant's son called police and reported that the defendant was holding her against her will. When police arrived, they transported the woman to another residence and instructed the defendant to stay away from her. Shortly thereafter, officer received a call stating that the defendant had followed the woman and had entered the residence and ordered the woman to come with him. He threatened to cut her if she did not. When the woman told the defendant that the police were coming, he ran out of the back door of the residence;

5. The defendant's 2019 conviction for voluntary manslaughter was the result of him shooting a man in 2017, putting him in possession of a firearm after he had been convicted of a felony drug offense in 2010; and

6. The defendant in August 2025 sent a message on Facebook Messenger to alleged co-conspirator Charles Williams stating "Cleaning a few of my…" and a photograph of three handguns.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**ENTERED:** September 14, 2026.

/s/ *Pamela Meade Sargent*

UNITED STATES MAGISTRATE JUDGE